UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SAMUEL HOFFMEYER,

      Plaintiff,

    v.

      Case No. 2:21-cv-1942
      Chief Judge Algenon L. Marbley
      Magistrate Judge Elizabeth P. Deavers

MS. PERRY, *et al.*,

      Defendants.

## ORDER and
## INITIAL SCREEN REPORT AND RECOMMENDATION

On April 8, 2021, Plaintiff Samuel Hoffmeyer, a state inmate incarcerated in the Ross Correctional Institution, commenced this action by filing a motion for leave to proceed *in forma pauperis*. (ECF No. 1.) By Order dated April 21, 2021, this action was transferred to this Court from the Western Division at Cincinnati. On May 4, 2021, the Court, noting the inaccuracy of Plaintiff's statement that he had not begun any other lawsuits relating to his imprisonment, directed Plaintiff to identify other lawsuits he had filed so that the Court properly could evaluate his *in forma pauperis* application. (ECF No. 3.) Plaintiff responded to this Order on May 12, 2021, confirming that he had filed several other cases relating to his imprisonment. (ECF No. 5.) Upon review of Plaintiff's supplemental filing,[1] Plaintiff's motion (ECF No. 1) is

---

[1] Plaintiff confirmed that he had filed two cases in the Northern District of Ohio. (ECF No. 5, at 2.) Both of these cases were dismissed for failure to state a claim. *Hoffmeyer v. Rose*, No. 1:10 CV 2588, 2011 WL 34059 (N.D. Ohio Mar. 4, 2011) and *Hoffmeyer v. Collins*, No. 1:09 CV 2578, 2010 WL 1488023 (N.D. Ohio Apr. 12, 2010). Plaintiff also filed two cases in this Court's Western Division at Cincinnati that have been dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B) as duplicative of another case currently pending in that District. *See Hoffmeyer v. Ohio Department of Corrections*, Case No. 1:20-cv-752 and *Hoffmeyer v. Smith*, No. 1:21-cv-

**GRANTED**. Plaintiff is required to pay the full amount of the Court's $350 filing fee. 28 U.S.C. § 1915(b)(1).

Plaintiff's account statement reveals that as of March 25, 2021, he possessed the sum of $2.48 in his prison account, which is insufficient to pay the full filing fee. Plaintiff's certified trust fund statement also indicates that his average monthly balance as of that date was $2.47. Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust account (#A761637) at the Ross Correctional Institution is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six-months immediately preceding the filing of the Complaint.

After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00 until the full fee of $350.00 has been paid to the Clerk of this Court. 28 U.S.C. § 1915(b)(2); see *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Checks should be made payable to: Clerk, United States District Court. The checks should be sent to:

> Prisoner Accounts Receivable
> 260 U.S. Courthouse

---

109; see also *Hoffmeyer v. Chambers-Smith*, No. 1:20-cv-637. Upon review of the cases filed and dismissed in the Western Division pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court does not construe these dismissals to count as strikes under the circumstances of the Plaintiff's filings in those cases. *See generally Simons v. Washington*, No. 20-1406, 2021 WL 1727619 (6th Cir. May 3, 2021) (a court that dismisses a lawsuit filed by a prisoner litigating IFP cannot bind a later court with a determination that the dismissal counts as a strike under the PLRA's three-strikes rule). In No. 1:20-cv-752, the Court directed the complaint to be filed as an addendum to the complaint in No. 1:20-cv-637. Further, in No. 1:21-cv-109, Plaintiff's filing reasonably can be viewed as a procedurally improper attempt to amend his complaint in No. 1:20-cv-637.

85 Marconi Boulevard
Columbus, OH 43215

The prisoner's name and this case number must be included on each check.

It is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid. The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

This matter is also before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, it is **RECOMMENDED** that Plaintiff's claims against LeCi employees Investigator Jon Tabor, PREA Coordinator Don Hudson, and Inspector Devin Hoover be **DISMISSED** as duplicative of Plaintiff's claims in Case No. 1:20-cv-673. It is **FURTHER RECOMMENDED** that Plaintiff's claims under the PREA be **DISMISSED** with prejudice for failure to state a claim. Finally, it is **RECOMMENDED** that Plaintiff be allowed to proceed on his Eighth Amendment deliberate indifference/failure to protect claim against Defendants Perry, Scott, Wellinghoff, and Lions.

**I.**

"'District courts are required to screen *all* civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is pro se, or is represented by counsel, as the statute does not differentiate between civil actions brought by prisoners.'" *Espinoza Vallecillo v. Michigan*, No. 2:19-CV-13354, 2020 WL 85929, at *2 (E.D. Mich. Jan. 7, 2020)

(quoting *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997) (emphasis added)).

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In so doing, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[2] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> \*\*\*
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rules of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure

---

[2] Formerly 28 U.S.C. § 1915(d).

12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complains." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' … [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter … to 'state a claim to relief that is plausible on its face.' " *Id.* (quoting *Twombly*, 550 U.S. at 570)). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombley*, 550 U.S. at 556). "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

**II.**

Plaintiff has filed a *pro se* complaint, (ECF No. 1-1) and a motion to amend his complaint (ECF No. 4) which is accompanied by a document captioned as an "Inmate Statement." (ECF No. 4-1). He alleges violations of his rights under the Prison Rape Elimination Act ("PREA") and 42 U.S.C. § 1983.

In his initial complaint, Plaintiff names as Defendants "Acting Intake Screening Nurse, Defendant #1 Nurse Mr. Scott" and "(RCI) PREA Coordinator, Defendant #2 Ms. Perry." (ECF No. 1-1, at 5.) Plaintiff alleges that he was transferred to RCI on March 19, 2021, after being sexually assaulted at Lebanon Correctional Institution ("LeCI"). (*Id*.) According to Plaintiff, upon his arrival at RCI and his disclosure to Mr. Scott that he had been sexually assaulted at his previous institution, Defendants failed to follow PREA protocol and Ms. Perry "failed to classify Plaintiff as an at-risk inmate." (*Id.* at 5, 7.) Plaintiff states that he was sexually assaulted the next day. (*Id.* at 7.) Plaintiff further alleges that he contacted the security office but instead of following PREA protocols, they placed him in "confinement punishment." (*Id.*) Plaintiff seems to suggest that in the following days he experienced further abuse by other inmates and was "subject to further threats of physical harm and sexual assault." (*Id*.) Plaintiff identifies his claims as arising under the Eighth Amendment and the PREA. (*Id.* at 8.) For relief, Plaintiff seeks "compensatory and punitive damages" in the amount of $250,000 from each defendant, both of whom he has sued in their official and personal capacities. (*Id*. at 6.)

In his motion to amend, or "addendum brief," Plaintiff states that he wishes to add additional defendants, including "(RCI) Investigator Bryan Wellinghoff; (RCI) Sergeant Lions; (LeCI) Investigator Jon Tabor; (LeCI) Prea Coordinator Don Hudson; and (LeCI) Inspector Devin Hoover." (ECF No. 4, at 1, 9.) This document contains similar and slightly more detailed

allegations of PREA protocol violations, including alleged violations committed by Sergeant Lions, that Plaintiff endured upon, and in the days following, his arrival at RCI. This filing also alleges additional sexual assaults and a confrontation with an alleged abuser in the dining hall that resulted in Plaintiff's receipt of a conduct report. (*Id*. at 7.) Plaintiff maintains his request for monetary damages in the amount of $250,000 against each defendant in both their official and personal capacities. Despite his detailed description of defendants' alleged failure to uphold PREA protocols, Plaintiff describes his claim in this filing as an Eighth Amendment violation. The "Inmate Statement" accompanying Plaintiff's motion to amend contains additional, if repetitive, detail expounding upon these same allegations. Consistent with Plaintiff's stated intention to add certain LeCI personnel as defendants in this case, both Plaintiff's proposed amendment/addendum and the "Inmate Statement" contain allegations relating to events at LeCI. (*Id.* at 2-3.) (ECF 4-1, at 1-2.)

### III.

For purposes of the required screening under § 1915(e), the Court will consider all of the above filings (ECF Nos. 1-1, 4 and 4-1) as comprising Plaintiff's complaint in order to determine whether any of Plaintiff's allegations should be dismissed as frivolous or malicious, or for failure to state a claim upon which relief may be granted. Taking all of the above into account, the Court concludes as follows.

Initially, to the extent that Plaintiff seeks to proceed against any employees of LeCI in this action, or on any claims arising out of alleged incidents while he was incarcerated in LeCI, those claims are subject to dismissal. The allegations relating to events at LeCI stem from the same incidents alleged in *Hoffmeyer v. Chambers-Smith*, Case No. 1:20-cv-637. That case remains pending and both Don Hudson and Devin Hoover are named defendants in that case.

*See also Hoffmeyer v. Ohio Dep't of Corr.*, No. 1:20-CV-752, 2020 WL 6746383 (S.D. Ohio Oct. 27, 2020), *report and recommendation adopted*, No. 1:20CV752, 2020 WL 6741427 (S.D. Ohio Nov. 17, 2020) and *Hoffmeyer v. Smith*, No. 1:21-CV-109, 2021 WL 1056768 (S.D. Ohio Mar. 19, 2021), *report and recommendation adopted,* No. 1:21CV109, 2021 WL 1253962 (S.D. Ohio Apr. 5, 2021) (dismissing as duplicative Plaintiff's subsequent complaints stemming from the alleged incidents in Case No. 1:20-cv-637.) Accordingly, any claims against Don Hudson, Devin Hoover, and Jon Tabor are subject to dismissal and the Court will consider Plaintiff's remaining allegations only as they relate to defendants Perry, Scott, Wellinghoff, and Lions.

As to these remaining Defendants, Plaintiff has failed to state plausible claims for monetary damages against any of them in their official capacities. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office,' which is 'no different from a suit against the State.'" *McCoy v. Michigan*, 369 F. App'x 646, 654 (6th Cir. 2010) (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). The Eleventh Amendment of the United States Constitution operates as a bar to federal-court jurisdiction when a private citizen sues a state or its instrumentalities unless the state has given express consent*. Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1983); *Lawson v. Shelby Cnty*., 211 F.3d 331, 334 (6th Cir. 2000). "It is well established that § 1983 does not abrogate the Eleventh Amendment." *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)). Thus, dismissal pursuant to § 1915(e) of Plaintiff's claims for damages against the Individual Defendants in their official capacities is appropriate. *See Puckett v. Lexington-Fayette Urban Cty. Gov't,* 833 F.3d 590, 598 (6th Cir. 2016) (stating that immunity applies to state officials sued in their official capacity for money damages because "'a suit against a state official in his or her official capacity is not a suit

against the official but rather is a suit against the official's office,' *i.e.*, against the state itself'") (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)); *Wingo v. Tenn. Dept. of Corrs.*, 499 F. App'x 453, 454 (6th Cir. 2012) (affirming trial court's dismissal of inmate's claims against state agency under § 1915(e), explaining that the department and the prison were entitled to Eleventh Amendment immunity); *Harrison*, 722 F.3d at 771 (same).

Further, to the extent it remains relevant here, the PREA does not create a private right of action. *See, e.g.*, *Montgomery v. Harper*, No. 5:14-CV-P38-R, 2014 WL 4104163, at *3 (W.D. Ky. Aug. 19, 2014) ("[T]his Court concludes that the PREA creates no private right of action."). *See also McCall v. Stegemoller*, No. 2:18-CV-228, 2018 WL 2725433, at *2 (S.D. Ohio June 6, 2018) ("PREA does not grant inmates substantive rights and nothing in PREA indicates that it created a private right of action."), *report and recommendation adopted*, No. 2:18-CV-228, 2018 WL 3213284 (S.D. Ohio June 29, 2018); *Peterson v. Burris*, No. 14-CV-13000, 2016 WL 67528, at *2 (E.D. Mich. Jan. 6, 2016) ("Numerous Courts that have addressed this issue have determined that the PREA provides no private right of action to individual prisoners."). Accordingly, Plaintiff's claims that Defendants violated the PREA are subject to dismissal.

At this juncture, however, the Court will permit Plaintiff to proceed with his Eighth Amendment deliberate indifference/failure to protect claims against Defendants Perry, Scott, Wellinghoff, and Lions. The Court, however, expresses no opinion as to the merits of those claims.

Finally, it does not appear that Plaintiff has provided service copies of the three documents construed as his complaint (ECF Nos. 1-1, 4, and 4-1), or all of the necessary completed summons forms or completed United States Marshal forms, so that service may be issued on the Defendants. Plaintiff is **ORDERED** to submit these documents, as applicable, for

Defendants Perry, Scott, Wellinghoff, and Lions within thirty (30) days of the date of this Order.[3] Plaintiff is **SPECIFICALLY ADVISED** that his failure to comply with this Order may result in the dismissal of this action for want of prosecution.

**IV.**

For the reasons set forth above, it is **RECOMMENDED** that Plaintiff's claims against LeCi employees Investigator Jon Tabor, PREA Coordinator Don Hudson, and Inspector Devin Hoover be **DISMISSED** as duplicative of Plaintiff's claims in Case No. 1:20-cv-673. It is **FURTHER RECOMMENDED** that Plaintiff's claims under the PREA be **DISMISSED with prejudice** for failure to state a claim. Finally, it is **RECOMMENDED** that Plaintiff be allowed to proceed on his Eighth Amendment deliberate indifference/failure to protect claim against Defendants Perry, Scott, Wellinghoff, and Lions. Again, the Court expresses no opinion as to the merits of Plaintiff's remaining claims.

Plaintiff is **ORDERED** to submit the necessary service documents for defendants Perry, Scott, Wellinghoff, and Lions within thirty (30) days of the date of this Order. Plaintiff is specifically advised that his failure to comply with this Order may result in the dismissal of this action for want of prosecution.

The Clerk is **DIRECTED** to send a copy of this Order and Initial Screen Report and Recommendation to the Ohio Attorney General's Office, 150 E. Gay St., 16th Floor, Columbus, Ohio 43215.

The Clerk is **FURTHER DIRECTED** to remove Plaintiff's motion to amend complaint (ECF No. 4) from the Court's pending motions list.

---

[3] It appears from the Court's docket that Plaintiff provided service copies of his original complaint (ECF No. 1-1) and completed summons and United States Marshal forms for Defendants Perry and Scott upon filing his motion for leave to proceed *in forma pauperis*. (ECF No. 1.)

10

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g., Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to the magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal….") (citation omitted).

**IT IS SO ORDERED.**

**DATED: May 24, 2021**

 *s/ Elizabeth A. Preston Deavers*
**ELIZABETH A. PRESTON DEAVERS**
**UNITED STATES MAGISTRATE JUDGE**